**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

WILLIAM A. WHITING, III,

       Plaintiff,

-v.-                                                         No. 6:05-CV-532
                                                                   (GLS/DRH)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

---

**APPEARANCES:**                             **OF COUNSEL:**

WILLIAM A. WHITING, III
Plaintiff Pro se
37 Gardner Street
Whitesboro, New York 13492

HON. GLENN T. SUDDABY              WILLIAM H. PEASE
United States Attorney for the         Assistant United States Attorney
  Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff filed his complaint on April 29, 2005. Docket No. 1. Defendant's answer, together with the Administrative Record on Appeal, was filed on September 9, 2005. Dockets

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d). This matter has proceeded in accordance with General Order 18 of this Court, which sets forth the procedures to be followed in appealing a denial of Social Security benefits.

Nos. 9, 10. Plaintiff's brief was due on October 24, 2005.

It is now five months beyond the date that plaintiff's brief was due, and the plaintiff has not filed any further papers to support his claim. "[F]ailure by plaintiff to take action for four (4) months shall be presumptive evidence of lack of prosecution," for which dismissal is appropriate. N.D.N.Y.L.R. 41.2(a). Moreover, pursuant to this Court's General Order, the defendant's answer is considered as a motion for judgment on the pleadings. Failure to respond in opposition to a motion, "unless for good cause shown, [will] be deemed by the court as consent to the granting or denial of the motion, as the case may be." N.D.N.Y.L.R. 7.1(b)(3).

Therefore, the Court hereby orders plaintiff to file with the Court within thirty (30) days of the date of the service of this Order an affidavit that details the reasons why this action should not be dismissed for want of prosecution. If plaintiff fails to submit such affidavit within such time, or otherwise fails to show good cause why this case should not be dismissed, the file in this matter shall be transmitted to the assigned district court judge, together with a recommendation that this action be dismissed for failure to prosecute.

### Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff file an affidavit with the Court showing good cause why this case should not be dismissed within **THIRTY (30) DAYS** of the date of the service of this Order, and it is further

**RECOMMENDED** that if no such affidavit is received by the Court by such date, or if plaintiff otherwise fails to show good cause why this case should not be dismissed, that this

action be dismissed; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 22, 2006
Albany, New York

David R. Homer
United States Magistrate Judge

-3-